

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4566
Re: The proper party to whom the
owner of property should pay
redemption money, within the
redemption period, where the
property has been foreclosed
upon, advertised for sale,
and bought in by a taxing
unit and where subsequently
the taxing unit's right to
receive the redemption money
has been assigned to a pur-
chaser at private sale, all
as provided in Article 7345-b,
of Vernon's Civil Statutes of
Texas.

     We have received and considered your request for
an opinion of this department. The fact situation submitted
by you is that a taxing unit has bought in property, in the
regular manner, as provided in Section 9 of Article 7345-b,
of Vernon's Civil Statutes of Texas, at a tax sale and within
the second year of the redemption has sold the interests of
the taxing units to such property to an individual, such in-
dividual having no interest in the property, for an amount
less than the adjudged value or the total amount of the judg-
ment in the tax suit. Before making the assignment of the
right to receive the redemption money, the purchasing taxing
unit, properly obtained written consent from the other tax-
ing units, which were parties to the suit and judgment. Your
question, then, upon these facts, is: To whom should the re-
demption payment be made, by the owner of the property, under
the fact situation submitted?

     Article 7345-b, of Vernon's Civil Statutes of Texas,
Section 12, provides:

"In all suits heretofore or hereafter filed to collect delinquent taxes against property, judgment in said suit shall provide for issuance of writ of possession within twenty (20) days after the period of redemption shall have expired to the purchaser at foreclosure sale or his assigns; but whenever land is sold under judgment in such suit for taxes, the owner of such property, or anyone having an interest therein, or their heirs, assigns or legal representatives, may, within two (2) years from the date of such sale, have the right to redeem said property on the following basis, to-wit: (1) within the first year of the redemption period, upon the payment of the amount bid for the property by the purchaser at such sale, including a One ($1.00) Dollar tax deed recording fee and all taxes, penalties, interest and costs thereafter paid thereon, plus twenty-five per cent (25%) of the aggregate total; (2) within the last year of the redemption period, upon the payment of the amount bid for the property by the purchaser at such sale, including a One ($1.00) Dollar tax deed recording fee and all taxes, penalties, interest and costs thereafter paid thereon, plus fifty per cent (50%) of the aggregate total.

"In addition to redeeming direct from the purchaser as aforesaid, redemption may also be made upon the basis hereinabove defined, as provided in Articles 7284 and 7285 of the Revised Civil Statutes of Texas of 1925."

We have been unable to find a case construing the statute, quoted above, with regard to whom the redemption money is to be paid by the owner where the owner desires to redeem the property within the redemption period.

We think the holding of this department in opinion No. O-1965 is applicable to the construction of the word "purchaser" as used in said Section 12 of Article 7345-b, from which opinion we quote:

"Section 12 of Article 7345b in its language applies to all 'purchasers' at tax sales,

which general classification would include the City
of El Paso.

"The method of redemption as provided in said
section would apply to all tax suits brought under
the authority of Article 7345b. The redemption
may be made from the purchaser at the first fore-
closure sale. Under authority of Sections 8 and 9
of the Act the purchaser may be one of the 'taxing
units.' 'Taxing units' as defined in Section 1
of Article 7345b include 'the State of Texas or
any town, city or county in said State, or any
corporation or district organized under the laws
of the State with authority to levy and collect
taxes.'

"The language of Section 9 of Article 7345b
clearly indicates that a 'taxing unit' is classi-
fied as a 'purchaser' . . .

"Had the Legislature intended to make a separ-
ate rule for the redemption of property from a tax-
ing unit which was the purchaser at the original
foreclosure sale, Section 12 of Article 7345b would
have included such exemption. However, the Legis-
lature saw fit to make Section 12 and the penalty
provisions provided therein apply indiscriminate-
ly to all purchasers or their assignees at the fore-
closure sale. You are therefore advised that in
redeeming property from the City of El Paso in a
case where said City has purchased property at a
tax foreclosure sale under the authority of Sections
8 and 9 of Article 7345b, Section 12 of said Arti-
cle would apply and the person seeking to redeem
the property would have to pay the penalties of re-
demption provided in such section."

We believe that the last sentence of Section 12 of
Article 7345-b, quoted above, leaves no doubt but what the Leg-
islature intended that the original owner should redeem his
property by paying the redemption money to the original pur-
chaser at the tax sale. A careful reading of said Article
7345-b shows that there is only one sale really contemplated
therein and that is the sale which occurred, under your facts,
when the taxing unit .bought the property in at the Sheriff's

sale pursuant to the tax judgment. The taxing unit, or an individual purchaser, buying the property at such a tax sale, may, according to our Opinion No. 0-950, a copy of which is enclosed for your information, assign the right to receive the redemption money at any time within the redemption period to a purchaser at a private sale for less than the amount of the judgment on the adjudged value, whichever is the lower. We think that the person receiving the right to collect the redemption money, from the taxing unit, in such instances, is merely an assignee and could not be considered, for the purposes of this discussion, a purchaser in the ordinary meaning of the word. We think our position in the matter is strengthened when Articles 7284 and 7285, of Vernon's Civil Statutes of Texas, referred to in the last sentence of said Section 12 of Article 7345-b, are considered. The method of redemption, provided in said Articles 7284 and 7285, supra, clearly contemplates, we think, that the owner be required to look only to the original purchaser at the original tax sale, and not to an assignee of said original purchaser in order to redeem his property in the manner provided in said statutes.

Statutes concerning the right of an owner to redeem his property which has been foreclosed upon and sold for delinquent taxes are liberally construed in favor of the owner. Turner v. Smith, 119 S. W. 922, error refused. This department has held in Opinion No. 0-950, in construing Article 7345-b, supra, that the owner of property "may redeem the land during the redemption period by paying the required amount directly to the purchaser, although he has notice of the assignment of his right to receive the money to another."

From the foregoing considerations, you are respectfully advised, in answer to your question, that, under the facts submitted by you, the owner may properly pay the redemption money to the taxing unit purchasing the property at the original tax sale. We believe, however, that the owner could pay the redemption money to the assignee of the original purchaser and receive from such vendee a release or conveyance of the assignee's rights. This could be done by the execution of a quit claim deed by the assignee to the property owner. In pursuing this procedure, however, the owner would act at his own risk as to whether the person to whom he makes the payment is in fact the true and proper assignee.

We think it might be proper to add here that where a purchaser, whether the purchaser be a taxing unit or a person, assigns his right to receive the redemption money from the owner, or the owner's heirs or assigns, but subsequently receives the redemption money, he would be obligated, we think, in accordance with the terms and provisions of his assignment or contract, to pay the money over to the person who is then, under the contract or assignment, possessed of the right to receive the same.

We trust that in this manner we have fully answered your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Harold McCracken

Harold McCracken
Assistant

HM:db

APPROVED JUL 1, 1942

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE

BY
CHAIRMAN